Jeff Carruth (TX SBN: 24001846)
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
3030 Matlock Rd. Suite 201
Arlington, Texas 76105
Telephone: (713) 341-1158
Fax: (866) 666-5322
E-mail: jcarruth@wkpz.com

PROPOSED ATTORNEYS FOR TX. C. C., INC., ET AL.,
DEBTORS AND DEBTORS IN POSSESSION

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 17-40297 |
| TX. C. C., INC., et al. | § | (Chapter 11) |
| | § | Jointly administered. |
| Debtors. | § | |

**APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WEYCER, KAPLAN, PULASKI & ZUBER, P.C. AS ATTORNEYS FOR THE DEBTORS**

**NOTICE PURSUANT TO LOCAL RULE OF BANKRUPTCY PROCEDURE 2014.**

**NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS APPLICATION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING UNLESS IT DETERMINES THAT AN EVIDENTIARY HEARING IS NOT REQUIRED AND THAT THE COURT'S DECISION WOULD NOT BE SIGNIFICANTLY AIDED BY ORAL ARGUMENT. IF YOU FAIL TO APPEAR AT ANY SCHEDULED HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

TX. C.C., INC. and the related debtors and debtors in possession[1] (collectively, the "Debtors"), submits this Application, pursuant to 11 U.S.C. § 327 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an order authorizing the employment of Weycer, Kaplan, Pulaski, & Zuber, P.C. ("WKPZ") as the attorneys for the Debtors in this Chapter 11 reorganization case (the "Application").  In support of this Application, the Debtor submits the *Declaration of Jeff Carruth*, an attorney at WKPZ (the "Carruth Declaration"), attached hereto as **Exhibit 1** and incorporated herein by reference.

## I. Jurisdiction and Venue

1. This Court has jurisdiction to consider this application under the provisions of 28 U.S.C. §§ 1334 and 157.  This matter involves the administration of a bankruptcy estate and, thus, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Introduction

2. The Debtors each filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Code") on the dates indicated below, thereby initiating the respective bankruptcy cases and creating their respective bankruptcy estates.

| Debtor | Case No. | Petition Date |
|---|---|---|
| TX. C. C., Inc. | 17-40297 | 2/13/2017 |
| Texas Land & Cattle of Fairview, LLC | 17-40300 | 2/13/2017 |

---

[1] The debtors in these Chapter 11 cases (each a "Debtor" and collectively, the "Debtors") are TX. C. C., Inc. (Case No. 17-40297), Texas Land & Cattle of Fairview, LLC (Case No. 17-40300), Lone Star Steakhouse & Saloon of Springfield, Inc. (Case No. 17-40303), Lone Star Steaks, Inc. Case No. 17-40330), Texas Land & Cattle Steakhouse of North Carolina (Case No. 17-40332), TXLC of Arlington II, LLC (Case No. 17-40333), Lone Star Steakhouse & Saloon of Southern Missouri (Case No. 17-40334), Lone Star Steakhouse & Saloon of Florida, Inc. (Case No. 17-40335),  TXLC of Missouri, Inc. (Case No. 17-40336), Lone Star Steakhouse & Saloon of Michigan, Inc. (Case No. 17-40339), Lone Star Steakhouse & Saloon of Mississippi, Inc. (Case No. 17-40340), Lone Star Steakhouse & Saloon of Oklahoma, Inc. (Case No. 17-40341), Lone Star Steakhouse & Saloon of Ohio, Inc. (Case No. 17-40342), Texas LC Liquor Company (Case No. 17-40443), and LS Management, Inc. (Case No. 17-40508).

**APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WEYCER, KAPLAN, PULASKI & ZUBER, P.C. AS ATTORNEYS FOR THE DEBTORS – Page 2 of 8**  1312724.DOCX[1]

| Debtor | Case No. | Petition Date |
|---|---|---|
| Lone Star Steakhouse & Saloon of Springfield, Inc. | 17-40303 | 2/13/2017 |
| Lone Star Steaks, Inc | 17-40330 | 2/17/2017 |
| Texas Land & Cattle Steakhouse of North Carolina, Inc. | 17-40332 | 2/18/2017 |
| TXLC of Arlington II, LLC | 17-40333 | 2/18/2017 |
| Lone Star Steakhouse & Saloon of Southern Missouri | 17-40334 | 2/19/2017 |
| Lone Star Steakhouse & Saloon of Florida, Inc. | 17-40335 | 2/19/2017 |
| TXLC of Missouri, Inc. | 17-40336 | 2/19/2017 |
| Lone Star Steakhouse & Saloon of Michigan, Inc. | 17-40339 | 2/20/2017 |
| Lone Star Steakhouse & Saloon of Mississippi, Inc. | 17-40340 | 2/20/2017 |
| Lone Star Steakhouse & Saloon of Oklahoma, Inc. | 17-40341 | 2/20/2017 |
| Lone Star Steakhouse & Saloon of Ohio, Inc. | 17-40342 | 2/21/2017 |
| TX LC Liquor Company | 17-40443 | 3/3/2017 |
| LS Management, Inc. | 17-40508 | 3/8/2017 |

3.  The Debtors are operating as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4.  No trustee, examiner, or statutory creditors' committee has been appointed in these Chapter 11 cases.

5.  The Debtors own and operate two steakhouse dining concepts, Texas Land & Cattle and Lone Star Steakhouse & Saloon.

6.  As of the filing of this Motion, the Debtors currently operate a total of twenty-nine (29) locations across the two brands.

### III.  Relief Requested

7.  Subject to approval of this Court, the Debtor has employed WKPZ effective as of March 3, 2017 as its counsel in connection with the prosecution of this case under Chapter 11. Pursuant to Code § 327(a), the Debtor requests that the Court approve the employment of WKPZ as its counsel to perform the legal services for the Debtor in this Chapter 11 case.

8.  A proposed form of order is submitted with this Application and is incorporated by reference herein.

## IV. WKPZ's Qualifications

9. The Debtors have selected WKPZ because of WKPZ's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code, and its knowledge of the local practice and procedures of this Court. In preparing for entry into these Chapter 11 cases, WKPZ has become generally familiar with the business of the Debtors. Accordingly, the Debtors believe that WKPZ has the necessary background to deal effectively with the legal issues that may arise during these Chapter 11 cases, and that WKPZ is qualified and able to represent the Debtors in the Chapter 11 cases.

## V. Services to be Provided by WKPZ

10. The services of WKPZ are necessary to enable the Debtors to execute faithfully their duties as debtors in possession and to develop, propose, and confirm a plan of reorganization.

11. Subject to further order of this Court, WKPZ will render, *inter alia*, and without limitation, the following professional services:

(a) advise the Debtors of the rights, powers, duties, and obligations of the Debtors as debtor and debtor-in-possession in this Chapter 11 case;

(b) take all necessary actions to protect and preserve the estates of the Debtors, including the prosecution of actions on the Debtors' behalf, the defense of actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections with respect to claims that are filed against the estate;

(c) to the extent necessary, assist the Debtors in the investigation of the acts, conduct, assets, and liabilities of the Debtors, and any other matters relevant to the case;

(d) investigate and potentially prosecute preference, fraudulent transfer, and other causes of action arising under the Debtors' avoidance powers and/or which are property of the estate;

  (e) prepare on behalf of the Debtors, as debtor-in-possession, all necessary motions, applications, answers, orders, reports, and papers in connection with the representation of the Debtors and the administration of the estates and these Chapter 11 cases;

  (f) negotiate, draft, and present on behalf of the Debtors a plan for the reorganization of the Debtors' financial affairs, and the related disclosure statement, and any revisions, amendments, and so forth, relating to the foregoing documents, and all related materials;

  (g) handle all litigation and other contested matters for the Debtors arising in connection with this Chapter 11 case; and

  (h) perform all other necessary legal services in connection with this Chapter 11 case and any other bankruptcy-related representation that the Debtors require.

12. WKPZ will not advise the Debtors with respect to nor render opinions regarding tax matters or securities matters.

## VI. Disclosure Concerning Conflicts of Interest or Prior Relationships

13. To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Carruth Declaration and in connection with this case, WKPZ has no connection with the Debtors' creditors, the United States Trustee, or any other party with an actual or potential interest in this case or its respective attorneys or accountants.

14. To the best of the Debtors' knowledge, information, and belief, WKPZ represents no other interest adverse to the Debtors' or its estate.  The Debtors believe and represents that, to the best of its knowledge, WKPZ is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

15. The Debtors submits that its employment of WKPZ would be in the best interests of the Debtors, the respective estates, and all creditors.  The Debtors' knowledge, information, and belief regarding the matters set forth herein are based and made in reliance upon the Carruth Declaration.

## VII. Payment of Fees and Expenses

16. Subject to the Court's approval, WKPZ will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates as in effect on the date services are rendered. The current minimum hourly rates for the primary attorney who will be performing substantially all of the services to the Applicant are listed below.

| | |
|---|---|
| Jeff Carruth, Shareholder: | $385.00 |
| Austin Gray, Associate:[2] | $195.00 |
| Paralegals: | $150.00[3] |

These rates may change from time to time in accordance with WKPZ's established billing practices and procedures.

17. Additional attorneys and/or paralegals of WKPZ may perform services from time to time under the employment sought to be approved this Application.

18. WKPZ will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

19. In addition to compensation for professional services rendered, WKPZ shall seek reimbursement for reasonable and necessary expenses incurred in connection with this proceeding, including, but not limited to, filing fees, deposition and other transcript costs, Lexis/Westlaw, PACER and other electronic research, mileage and other travel expenses, long distance and fax charges, messenger services, postage, and reproduction costs.[4]

20. The Debtors executed an engagement letter agreement with WKPZ on March 5, 2017 which engagement letter was received by WKPZ on March 6, 2017.

---

[2] Pro hac vice application pending.

[3] WKPZ will use internal litigation paralegals as well as one or more contract paralegals who possess substantial Chapter 11 bankruptcy experience.

[4] The Debtors have undertaken direct payment of reproduction and mailing costs associated with these cases; however, it also possible that WKPZ shall incur such expenses.

**APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WEYCER, KAPLAN, PULASKI & ZUBER, P.C. AS ATTORNEYS FOR THE DEBTORS – Page 6 of 8** 1312724.DOCX[1]

21. WKPZ received from LS Management, Inc. on or about March 2, 2017 (which date was pre-petition as to LS Management, Inc.) a retainer in the amount of $125,000.00 for (1) payment of preparatory work on behalf of LS Management, Inc. prior to the active representation of the Debtors in these cases on March 3, 2017 and (2) the balance serving as the initial retainer for WKPZ's representation of the Debtors in these Chapter 11 case for the period of time commencing on March 3, 2017 with and after the emergency filing of the voluntary petition in the case of Texas LC Liquor Company on March 3, 2017, and the balance of which retainer remains in the trust account of WKPZ.

22. On March 8, 2017, WKPZ received a subsequent retainer in the amount of $35,000 from LS Management, Inc. prior to the filing of the LS Management, Inc. voluntary petition.

### VIII.  Fee Applications and Interim Payments

23. WKPZ intends to periodically apply to this Court for payment of interim compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines promulgated by the Office of the United States Trustee and the local rules and orders of this Court, and pursuant to any additional procedures that may be established by this Court in this case.

### IX.  Conclusion

24. Applicant believes that the employment of WKPZ will be in the best interest of the estate and, accordingly, Applicant requests that WKPZ be employed as counsel for Applicant. Applicant requests that WKPZ's employment be approved effective nunc pro tunc as of March 3, 2017 commencing with the filing of the voluntary petition for Texas LC Liquor Company by WKPZ on such date.

WHEREFORE, based upon the foregoing, the Debtor respectfully requests that this Court enter an order (a) authorizing the Debtor to retain and employ WKPZ as its counsel in this Chapter 11 case effective nunc pro tunc as of March 3, 2017 commencing with the filing of the voluntary petition for Texas LC Liquor Company by WKPZ on such date, pursuant to Code § 327(a), and (b) granting such other and further relief as the Court may deem just and proper.

Dated:  April 1, 2017

                            APPROVED:

                            LS MANAGEMENT, INC.

                            */s/ Nicole Omholt*
                            Nicole Omholt
                            Chief Financial Officer and Vice President

Proposed Counsel to the Debtors and
Debtors in Possession:

**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
Jeff Carruth (SBT #24001846)
3030 Matlock Rd., Suite 201
Arlington, TX 76015
(713) 341-1158
(866) 666-5322 (fax)
E-mail:  jcarruth@wkpz.com

## CERTIFICATE OF SERVICE

A separate Certificate of Service will be filed.

                            */s/ Jeff Carruth*
                            Jeff Carruth

**EXHIBIT 1**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 17-40297 |
| TX. C. C., INC., et al. | § | (Chapter 11) |
| | § | |
| Debtors. | § | |

**DECLARATION OF JEFF CARRUTH IN SUPPORT OF APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WEYCER, KAPLAN, PULASKI & ZUBER, P.C. AS ATTORNEYS FOR THE DEBTORS**

Pursuant to 28 U.S.C. § 1746, Jeff Carruth, hereby declares the following under penalty of perjury of the laws of the United States that the following statements are true and correct.

1. My name is Jeff Carruth. I am more than twenty-one (21) years of age and am competent and authorized to make this affidavit. I have personal knowledge of the facts set forth herein and they are true and correct.

2. I have been licensed to practice law in the State of Texas since 1997. I am admitted to practice law and am in good standing in multiple jurisdictions including all of the federal district courts in Texas, Oklahoma, and Arkansas as well as at least the following districts and courts: the District of Colorado, the Central District of Illinois, and the Fifth Circuit Court of Appeals. I also hold ECF filing privileges in the bankruptcy courts of at least a dozen other districts.

3. I am an attorney with the law firm of Weycer, Kaplan, Pulaski & Zuber, P.C. ("WKPZ"). I and WKPZ have been requested by the above-captioned debtor and debtor in possession (the "Debtor") to represent it in this Chapter 11 case.

4. This affidavit was prepared and is being submitted as an exhibit to the *Application of Debtors and Debtors-in-Possession for an Order Authorizing the Retention and Employment of Weycer, Kaplan, Pulaski & Zuber, P.C. as Counsel to the Debtor* (the "Application"). I have read the Application and WKPZ agrees to the terms of employment set forth therein.

5. The Debtors desire to employ WKPZ to provide general legal services as needed throughout the course of this case. The legal services that WKPZ will render to the Debtors may be summarized as follows:

    (a) advise the Debtors of the rights, powers, duties, and obligations of the Debtors as debtor and debtor-in-possession in this Chapter 11 case;

(b) take all necessary actions to protect and preserve the estates of the Debtors, including the prosecution of actions on the Debtors' behalf, the defense of actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections with respect to claims that are filed against the estate;

(c) to the extent necessary, assist the Debtors in the investigation of the acts, conduct, assets, and liabilities of the Debtors, and any other matters relevant to the case;

(d) investigate and potentially prosecute preference, fraudulent transfer, and other causes of action arising under the Debtors' avoidance powers and/or which are property of the estate;

(e) prepare on behalf of the Debtors, as debtor-in-possession, all necessary motions, applications, answers, orders, reports, and papers in connection with the representation of the Debtors and the administration of the estates and these Chapter 11 cases;

(f) negotiate, draft, and present on behalf of the Debtors a plan for the reorganization of the Debtors' financial affairs, and the related disclosure statement, and any revisions, amendments, and so forth, relating to the foregoing documents, and all related materials;

(g) handle all litigation and other contested matters for the Debtors arising in connection with this Chapter 11 case; and

(h) perform all other necessary legal services in connection with this Chapter 11 case and any other bankruptcy-related representation that the Debtors require.

6. Subject to the Court's approval, WKPZ will charge the Debtors for legal services on an hourly basis in accordance with its ordinary and customary hourly rates that are in effect on the date services are rendered.

7. The current minimum hourly billing rates for the attorney who will be providing substantially all of the services to the Debtor in this case are as follows.

| | |
|---|---|
| Jeff Carruth, Shareholder: | $385.00 |
| Austin Gray, Shareholder: | $195.00 |
| Paralegals: | $150.00 |

8. In addition to compensation for professional services rendered, WKPZ shall seek reimbursement for reasonable and necessary expenses incurred in connection with this proceeding, including, but not limited to, filing fees, deposition and other transcript costs, Lexis/Westlaw, PACER and other electronic research, mileage and other travel expenses, long distance and fax charges, messenger services, postage, and reproduction costs.

9. The Debtors executed an engagement letter agreement with WKPZ on March 5, 2017 which engagement letter was received by WKPZ on March 6, 2017.

10. WKPZ received from LS Management, Inc. on or about March 2, 2017 (which date was pre-petition as to LS Management, Inc.) a retainer in the amount of $125,000.00 for (1) payment of preparatory work on behalf of LS Management, Inc. prior to the active representation of the Debtors in these cases on March 3, 2017 and (2) the balance serving as the initial retainer for WKPZ's representation of the Debtors in these Chapter 11 case for the period of time commencing on March 3, 2017 with and after the emergency filing of the voluntary petition in the case of Texas LC Liquor Company on March 3, 2017, and the balance of which retainer remains in the trust account of WKPZ.

11. On March 8, 2017, WKPZ received a subsequent retainer in the amount of $35,000 from LS Management, Inc. prior to the filing of the LS Management, Inc. voluntary petition.

12. WKPZ understands that compensation for services rendered to the Debtors and reimbursement of expenses will be subject to interim and final allowance by this Court pursuant to a fee application to be filed by WKPZ.

13. I have reviewed the records of WKPZ to determine the existence of any interest held or represented by WKPZ that is adverse to the Debtors' estate or its creditors. Based on that review, I am informed and believe that:

(a) WKPZ is not and was not a creditor of the Debtors in this case and is not and was not an equity security holder or an insider of the Debtors;

(b) within two years before the Petition Date, no one at WKPZ was a director, officer, or employee of the Debtor;

(c) WKPZ does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

14. Based on that review, WKPZ does not have any relationship to or connection with or interest in (i) the United States Trustee or any person employed by the office of the United States Trustee or (ii) any attorneys, accountants, financial consultants, and investment bankers who represent or may represent claimants or other parties in interest in this case.

15. WKPZ does not represent any creditors or other parties-in-interest in this case.

16. In the interest of the fullest disclosure, the following information is provided. On February 24, 2017, which was the day or two after WKPZ was approached about possibly taking over these cases, the undersigned announced for John Henry (counsel who commenced the Debtors' cases) at a hearing in Collin County state district court when Mr. Henry was delayed in returning to the Dallas-Fort Worth area from San Antonio in time for the 9:30 a.m. hearing. The hearing in question occurred in Case No. 401-01680-2016, *Scott C. Smith, Plaintiff vs. Timothy M. Dungan and Day Star Restaurant Holdings, LLC. Defendants*, in the 401st Judicial District

**EXHIBIT 1**

Court. The purpose of the announcement was to advise that Court of Mr. Henry's inability to attend the hearing and of the potential bankruptcy filing of Day Star Restaurant Holdings, LLC. Ultimately, Day Star Restaurant Holdings, LLC did not commence a Chapter 11 proceeding with the other Debtors.

17. To the best of the Debtor's knowledge, information, and belief, other than as set forth in the Carruth Declaration and in connection with this case, WKPZ has no connection with the Debtors' creditors, the United States Trustee, or any other party with an actual or potential interest in this case or its respective attorneys or accountants.

18. Consistent with its professional responsibility, WKPZ has evaluated potential conflicts of interest and believes that none exist, except as disclosed herein. If, and when, additional information with respect to any other relationships which may exist between WKPZ, its shareholders, principals, and staff members and the Debtors or any other party in interest in this case arises, supplemental affidavits describing such information shall be filed with the Court.

19. Accordingly, except as set forth herein, and based upon the information available to me, neither I, WKPZ, nor any shareholder or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or its estate in the matters upon which WKPZ is to be employed. Based upon the information available to me, I believe that WKPZ is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

20. No promises have been received by WKPZ, or by any employee thereof, to receive compensation in this case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules of Procedure, and the Local Bankruptcy Rules. No one employed at WKPZ has agreed to share compensation received in this case with any other person or entity not a member or regular associate of WKPZ.

FUTHER DECLARANT SAYEHT NOT

DATED: April 1, 2017    Respectfully Submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By: /s/ Jeff Carruth
JEFF CARRUTH
State Bar No. 24001846
3030 Matlock Rd., Suite 201
Arlington, Texas 76015
Phone: (713) 341-1058
Facsimile: (866) 666-5322
jcarruth@wkpz.com

PROPOSED ATTORNEYS FOR TX. C. C., INC., ET AL., DEBTORS AND DEBTORS IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 17-40297 |
| TX. C. C., INC., et al. | § | (Chapter 11) |
| | § | Jointly Administered. |
| Debtors. | § | |

**ORDER APPROVING APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WEYCER, KAPLAN, PULASKI & ZUBER, P.C. AS ATTORNEYS FOR THE DEBTORS (RE: DOCKET NO. ___)**

On this day came on for consideration the Application (Docket No. ___) (the "Application") of TX. C.C., Inc. and the related debtors and debtors in possession[1] (collectively, the "Debtors"), in the above-styled and numbered case(s), seeking approval of the employment of the firm of Weycer, Kaplan, Pulaski, & Zuber, P.C. ("WKPZ") as its counsel as more particularly set forth in the Application and Declaration on file in this case. The Court finds that the Application contained the appropriate notice and was served upon the parties contained within the Master Service List of the Debtors. No objections to the Application were filed. Upon review of the Application, it appears to the Court that the proposed professional is "disinterested" as that term is defined in 11 U.S.C. §101(14) and that the proposed professional represents or holds no interest adverse to the Debtors.

---

[1] The debtors in these Chapter 11 cases (each a "Debtor" and collectively, the "Debtors") are TX. C. C., Inc. (Case No. 17-40297), Texas Land & Cattle of Fairview, LLC (Case No. 17-40300), Lone Star Steakhouse & Saloon of Springfield, Inc. (Case No. 17-40303), Lone Star Steaks, Inc. Case No. 17-40330), Texas Land & Cattle Steakhouse of North Carolina (Case No. 17-40332), TXLC of Arlington II, LLC (Case No. 17-40333), Lone Star Steakhouse & Saloon of Southern Missouri (Case No. 17-40334), Lone Star Steakhouse & Saloon of Florida, Inc. (Case No. 17-40335), TXLC of Missouri, Inc. (Case No. 17-40336), Lone Star Steakhouse & Saloon of Michigan, Inc. (Case No. 17-40339), Lone Star Steakhouse & Saloon of Mississippi, Inc. (Case No. 17-40340), Lone Star Steakhouse & Saloon of Oklahoma, Inc. (Case No. 17-40341), Lone Star Steakhouse & Saloon of Ohio, Inc. (Case No. 17-40342), Texas LC Liquor Company (Case No. 17-40443), and LS Management, Inc. (Case No. 17-40508).

**ORDER APPROVING APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WEYCER, KAPLAN, PULASKI & ZUBER, P.C. AS ATTORNEYS FOR THE DEBTORS – Page 1** 1312724.DOCX[3]

**IT IS THEREFORE ORDERED** that the Application is GRANTED and that the Debtors are authorized to employ WKPZ as attorneys to the Debtors and the related Chapter 11 estates pursuant to 11 U.S.C. § 327(a), *nunc pro tunc* and effective as of March 3, 2017 with all fees payable with such compensation as may be awarded by the Court upon proper application submitted pursuant to Fed. R. Bankr. P. 2016(a) and LBR 2016.