IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 17-40297 |
| TX. C. C., Inc., *et al.*,[1] § | (Chapter 7) |
| § | (Jointly Administered) |
| Debtors. § | |

RESPONSE IN OPPOSITION TO
MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

US Foods, Inc. ("*US Foods*"), by and through its undersigned counsel, and for its Response In Opposition (the "*Response*") to Motion for Approval of Settlement Agreement [Dkt. No. 657] (the "*Motion*") filed by chapter 7 trustee Christopher J. Moser (the "*Trustee*") states as follows:

SUMMARY

The Trustee's proposed order approving the Motion goes far beyond the scope of Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") to adjudicate ownership of property that is not property of the estate. Although US Foods does not object to the settlement and compromise for which approval is sought in the Motion (the "*Settlement*"), US Foods does object to entry of an order that reaches beyond approval of the Settlement to (a) adjudicate ownership and lien interests in property that is not property of the estate and

---

[1] The debtors in these Chapter 7 cases, converted from Chapter 11 cases, (each a "*Debtor*" and collectively, the "*Debtors*") are TX. C.C., Inc. (Case No. 17-40297), Texas Land & Cattle of Fairview, LLC (Case No. 17- 40300), Lone Star Steakhouse & Saloon of Springfield, Inc. (Case No. 17-40303), Lone Star Steaks, Inc. (Case No. 17-40330), Texas Land & Cattle Steakhouse of North Carolina (Case No. 17-40332), TXLC of Arlington II, LLC (Case No. 17-40333), Lone Star Steakhouse & Saloon of Southern Missouri (Case No. 17-40334), Lone Star Steakhouse & Saloon of Florida, Inc. (Case No. 17-40335, TXLC of Missouri, Inc. (Case No. 17-40336), Lone Star Steakhouse & Saloon of Michigan, Inc. (Case No. 17-40339), Lone Star Steakhouse & Saloon of Mississippi, Inc. (Case No. 17-40340), Lone Star Steakhouse & Saloon of Oklahoma, Inc. (Case No. 17-40341), Lone Star Steakhouse & Saloon of Ohio, Inc. (Case No. 17-40342), Texas LC Liquor Company (Case No. 17-40443, and LS Management, Inc. (Case No. 17-40508).

(b) order that such property be paid to the estate without due process for potential adverse claimants to such property. For the reasons stated herein, the Motion should be denied.

## FACTUAL BACKGROUND

1. The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code over eight dates ranging from February 13, 2017 to March 8, 2017 (the "***Petition Dates***").

2. Other entities related to the Debtors are not in bankruptcy. Non-debtor companies LSF5 Cactus, LLC ("***Cactus***"), LSF5 Spur, LLC ("***Spur***"), LSF5 Cowboy Holdings, LLC ("***Cowboy***"), and Day Star Restaurant Holdings, LLC ("***Day Star***") (collectively, the "***Parent Companies***") own the Debtors, either directly or indirectly. In addition to the Debtors, the Parent Companies own, directly or indirectly, at least thirty-six non-debtor Lone Star entities and at least four non-debtor Land & Cattle entities (collectively, the "***Non-Debtor Opcos***"). *See* Mot. at 2-3, ¶ 6.

3. Prior to Petition Dates, US Foods supplied goods pursuant to that certain Master Distribution Agreement dated February 20, 2014 and Customer Application dated December 13, 2013 (collectively, the "***US Foods Agreements***") under which US Foods agreed to sell, and Cactus, Spur, and Day Star (collectively, "***Agreement Counterparties***") agreed to purchase food and food-related goods. To secure payment of amounts due under the US Foods Agreements, US Foods properly perfected security interests against Cactus and Spur by recording a UCC-1 Financing Statement on December 5, 2014 as file no. 20144923074 with the Delaware Secretary of State. A true and accurate copy of the Financing Statement is attached hereto as Exhibit A. In accordance with the US Foods Agreements, US Foods supplied goods to the restaurants operated by certain Debtors and Non-Debtor Opcos.

4. Due to the breach of the US Foods Agreements for nonpayment, US Foods filed a petition in the District Court of Dallas County, Texas, 116th Judicial District (the "**Texas State Court**"), styled *US Foods, Inc. v. LSF5 Cactus, LLC, LSF5 Spur, LLC, and Day Star Restaurant Holdings, LLC*, Cause No. 17-01821. In total, the amount owed to US Foods under the US Foods Agreements is at least $2,412,620.18.

5. Additionally, because US Foods delivered goods to and for the benefit of certain of the Debtors for which US Foods was not paid, US Foods filed proofs of claim against certain, but not all, of the Debtors. The US Foods proofs of claim total $1,760,992.88.[2]

6. On September 11, 2018, the Texas State Court entered a Consent Judgment against Cactus, Spur, and Day Star in the amount of $2,412,620.00 (the "**Consent Judgment**"). A copy of the Consent Judgment is attached hereto as Exhibit B. Accordingly, US Foods may have claims to property or other funds of Cactus, Spur, and Day Star.

## ANALYSIS

7. By the Motion, the Trustee seeks approval not only of the Settlement reached between the Parent Companies and the Trustee, but also an adjudication of the extent of liens and other interests in the funds to be paid by the non-debtor Parent Companies into the estate. The Trustee has not provided any evidence regarding claims to the Parent Companies' funds, nor has it followed the proper procedural mechanism for determining the validity, priority, or extent of a lien or other interest in the Parent Companies' funds. Accordingly, the Motion should be denied.

8. The Motion seeks approval of a Settlement Agreement between the Trustee and the Parent Companies by which the Parent Companies have agreed to make payment in the

---

[2] US Foods also supplied goods to certain Non-Debtor OpCos which amounts remain unpaid. The amount owed to US Foods by the Non-Debtor OpCos totals $651,627.30.

amount of $113,000.00 (the "*Settlement Payment*") to the Trustee in return for releases of claims by the Trustee, among other things. *See* Mot. at 5, ¶ 12.

9. However, the Motion and the Settlement go further, requiring the Court to determine "that the Settlement Payment funds are not trust funds of any entity and not subject to any trust fund claims." Mot. at 5, ¶ 13. The proposed order attached to the Motion (the "*Proposed Order*") includes a finding that the Settlement Payment is "not subject to any trust fund claims and should be turned over to the Trustee as property of the Debtor's estates." Proposed Order, ¶ 4. The Proposed Order also determines that the Settlement Payment is "the unencumbered property of these bankruptcy estates subject to administration by the Trustee in accordance with the Bankruptcy Code." Proposed Order, ¶ D.

10. Bankruptcy Rule 7001(2) requires an adversary proceeding to be commenced "to determine the validity, priority, or extent of a lien or other interest in property," subject to exceptions not relevant here. Bankruptcy Rule 7001(2).

11. Furthermore, the Trustee has presented no evidence in support of its arguments regarding interests in the Settlement Payment.

## CONCLUSION

12. Because the Motion goes far beyond seeking approval of the Settlement Agreement to request a determination of interests in property without following the proper procedure or supporting such determination with any evidence, the Motion must be denied.

[*remainder of page intentionally blank*]

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Bradley J. Purcell*
    Bradley J. Purcell
    Texas Bar No. 24063965

2200 Ross Avenue, Suite 3300
Dallas, TX 75201
Telephone: (214) 721-8000
Facsimile: (214) 721-8100
bradley.purcell@bclplaw.com


**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/Leslie A. Bayles*
    Leslie A. Bayles
    Illinois Bar No. 6271855
    Justin A. Morgan
    Illinois Bar No. 6317389

161 North Clark Street, Suite 4300
Chicago, IL 60601-3315
Telephone: (312) 602-5000
Facsimile: (312) 602-5050
leslie.bayles@bclplaw.com
Justin.morgan@bclplaw.com

ATTORNEYS FOR CREDITOR
US FOODS, INC.


**CERTIFICATE OF SERVICE**

    The undersigned hereby states that on October 1, 2018, a true and correct copy of the above and foregoing notice was served via the Court's ECF system upon all parties consenting to service through same.


*/s/ Bradley J. Purcell*
Bradley J. Purcell