# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TX. C.C., INC., et al.[1] | § | CASE NO. 17-40297 |
| | § | (Chapter 7) |
| DEBTORS | § | Jointly Administered |

## MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

### 21-Day Negative Notice

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading <u>*WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE*</u> shown in the certificate of service unless the court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The court reserves the right to set a hearing on any matter.**

Christopher J. Moser (the "Trustee"), the chapter 7 trustee for the above referenced Debtors ("Debtors") files this Motion for Approval of Settlement Agreement ("Motion") and would show the Court as follows:

---

[1] The debtors in these Chapter 7 cases, converted from Chapter 11 cases, (each a "Debtor" and collectively, the "Debtors") are TX. C.C., Inc. (Case No. 17-40297), Texas Land & Cattle of Fairview, LLC (Case No. 17-40300), Lone Star Steakhouse & Saloon of Springfield, Inc. (Case No. 17-40303), Lone Star Steaks, Inc. (Case No. 17-40330), Texas Land & Cattle Steakhouse of North Carolina (Case No. 17-40332), TXLC of Arlington II, LLC (Case No. 17-40333), Lone Star Steakhouse & Saloon of Southern Missouri (Case No. 17-40334), Lone Star Steakhouse & Saloon of Florida, Inc. (Case No. 17-40335, TXLC of Missouri, Inc. (Case No. 17-40336), Lone Star Steakhouse & Saloon of Michigan, Inc. (Case No. 17-40339), Lone Star Steakhouse & Saloon of Mississippi, Inc. (Case No. 17-40340), Lone Star Steakhouse & Saloon of Oklahoma, Inc. (Case No. 17-40341), Lone Star Steakhouse & Saloon of Ohio, Inc. (Case No. 17-40342), Texas LC Liquor Company (Case No. 17-40443, and LS Management, Inc. (Case No. 17-40508).

**MOTION TO APPROVE SETTLEMENT AGREEMENT**                                                                 Page | 1

# FACTS

**A. Background Facts**

1. On February 13, 2017 (the "Petition Date"), TX. C.C., Inc. ("Debtor") filed with this Court a voluntary petition under Chapter 11 of the Bankruptcy Code. TX. C.C.'s bankruptcy case was jointly administered with affiliated debtors (collectively, the "Debtors") pursuant to the Court's Order entered on March 14, 2017.

2. On September 7, 2017 (the "Conversion Date"), the Debtors' Chapter 11 cases were converted to cases under Chapter 7 of the Bankruptcy Code.

3. Christopher J. Moser was thereafter appointed interim trustee of the estate and is the acting Chapter 7 Trustee of the bankruptcy estates of the Debtors.

4. The Debtors, with the exception of LS Management, Inc. and TX LC Liquor Company, owned and operated either Lone Star Steakhouse & Saloons ("Lone Star") or Texas Land & Cattle Steak Houses ("Land & Cattle").

5. In addition to the Debtors, thirty-six (36) non-debtor Lone Star entities and four (4) non-debtor Land & Cattle entities exist. Some of these non-debtor entities apparently have additional subsidiaries. Lone Star and Land & Cattle are sometimes referred to herein as the "Operating Entities."

6. All the Lone Star entities are or were owned by LSF5 Cactus, LLC ("Cactus") and all of the Land & Cattle are or were owned by LSF5 Spur, LLC ("Spur"). Spur and Cactus are owned by LSF5 Cowboy Holdings, LLC ("Cowboy"). Cowboy is owned in turn by Day Star Restaurant Holdings, LLC ("Day Star") (collectively, the Cactus, Spur, Cowboy, and Day Star entities are referred to herein as the "Parent Companies"). The non-debtor Operating Entities and the Parent Companies are referred to herein collectively as the "Non-Debtors").

### B. Cash Management System and Accounting

7. It was the practice of the Debtors and Non-Debtors for all cash proceeds from operations of the Debtors and the non-debtor Operating Entities to be funneled up to the Parent Companies' bank accounts for purposes of paying the costs of operations for all of the Debtors and the non-debtor Operating Entities (the "Cash Management System"). Due to the realities of the Cash Management System and the fact that the Parent Companies are not debtors, the Trustee filed a Motion to Consolidate the Non-Debtors with the Debtors to recover the property of the Debtors' estates.

8. Among the parties that were delivering goods to the Debtors, as well as to Non-Debtors, and receiving payments on account of such goods from the Parent Companies was US Foods, Inc. ("US Foods").

9. The Trustee and the Parent Companies together made an accounting of the funds transferred from the Debtors, and Non-Debtors, to the Parent Companies and the expenditure of such funds, including on whose behalf (meaning which Debtor entity), through the payment of rent, vendors, employees, etc., such funds were used to further the operations of the business ("Accounting").

10. The Accounting resulted in a settlement agreement between the Trustee and the Parent Companies where the Parent Companies are to pay $113,000.00 to the Trustee as the recoverable property of the bankruptcy estates (the "Settlement Payment"). The Settlement Payment is to come out of a total of $1,099,230.00 (the "Remaining Funds"), which are the funds remaining from the Parent Companies' bank accounts when they were closed and which is being held in trust by counsel for the Parent Companies. As part of the settlement with the Parent

Companies, the Trustee is releasing all claims against the Remaining Funds, save and except for the $113,000 Settlement Payment that is being turned over to the Trustee.

### C. Settlement with US Foods

11. US Foods has claims and liens against certain of the Parent Companies and holds a judgment in the amount of $2,412,620.00 against Cactus, Spur, and Day Star. US Foods also has filed proofs of claim against certain of the Debtors totaling $1,760,992.88 ("Proofs of Claim") for goods delivered to the Debtors prior to the Petition Date for which US Foods has not received payment. US Foods has filed an Objection to the Motion to Consolidate to the extent it seeks to consolidate the Debtors with the Non-Debtors and also has objected to the settlement between the Trustee and the Parent Companies described above.

12. Because of its relationship with the Debtors and the Parent Companies, the Trustee believes the estates have claims against US Foods arising under the provisions of Chapter 5 of the Bankruptcy Code for avoidance and/or recovery of certain payments received by US Foods on account of goods provided to certain of the Debtors prior to the Petition Date, which claims are disputed by US Foods.

13. The Trustee and US Foods have reached a settlement of their disputes whereby US Foods will withdraw its objection to the settlement between the Trustee and the Parent Companies and release any claims against the $113,000, other than its rights under the Proofs of Claim on file, and the Trustee will release all claims of the estates against US Foods other than the right to make any objections to the Proofs of Claim reserved for the Trustee by Section 502 of the Bankruptcy Code.

## LEGAL BASIS FOR THE RELIEF REQUESTED

14. The Trustee believes the Settlement Agreement is in the best interests of the

creditors and the bankruptcy estate. A copy of the Settlement Agreement with US Foods is attached hereto as Exhibit "A." Attached hereto as Exhibit "B" is the affidavit of the Trustee in support of the approval of the Settlement Agreement.

15. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

16. In deciding whether to approve a proposed settlement agreement or compromise, a bankruptcy court should consider the following factors:

    a. the probability of success on the merits and the resolution of the dispute;
    b. the complexity of the litigation being settled;
    c. the expense, inconvenience and delay associated with litigating the dispute; and
    d. the paramount interests of creditors.

*Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Power Coop., Inc.)* 119 F.3d 349, 356 (5th Cir. 1997); *Connecticut General Life Ins. Co. v. United Companies Fin. Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914 (5th Cir. 1995); *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1158-59 (5th Cir.), cert. denied, 488 U.S. 926 (1988); *U.S. v. Aweco, Inc.,* 752 F.2d 293, 298 (5th Cir.), cert. denied, 469 U.S. 880 (1984).

17. While it is necessary for the proponent of a compromise to set forth the factual and legal basis for the compromise so the court can make an intelligent and informed evaluation of the proposed settlement, it is not incumbent upon the proponent to present a mini-trial or a full evidentiary hearing. *Texas Extrusion*, 844 F.2d at 1158-59; *Aweco*, 725 F.2d at 298.

18. Given the potential costs and risks of litigating the Trustee's claims against US Foods and the Trustee's and US Foods' respective rights to recover against the Parent Companies,

particularly with respect to the Settlement Payment, a settlement with US Foods as set forth herein is a reasonable and practical resolution that is in the interests of the estates.

WHEREFORE, PREMISES CONSIDERED, the Trustee prays the Court approve the Settlement Agreement attached as Exhibit "A" hereto, authorize the Trustee to undertake any action necessary to consummate the Settlement Agreement, and that the Trustee have such other and further relief to which he may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS
  WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: */s/ Timothy A. York*
    Timothy A. York
    State Bar No. 24035719

ATTORNEYS FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2018, a true and correct copy of the foregoing Motion was served by electronic transmission via the Court's CM/ECF system upon all parties registered to and receiving electronic service and notice in this bankruptcy case, or otherwise by U.S. regular mail upon those parties not receiving ECF notice as listed on the attached Limited Service List pursuant to the *Order Granting Emergency Motion For Order Limiting Notice And Establishing Additional Notice Procedures* (Docket No. 46).

*Note: The service list is omitted from service copies to avoid unnecessary copying and postage charges.*

                                                                  */s/ Timothy A. York*