IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TX. C.C., INC., et al.[1] | § | CASE NO. 17-40297 |
| | § | (Chapter 7) |
| DEBTORS | § | **Substantively Consolidated** |

### TRUSTEE'S OMNIBUS OBJECTION TO SECURED CLAIMS OF INTRUST BANK, N.A. UNDER 11 U.S.C. 502(b)(1)

**30-Day Negative Notice – LBR 3007(b):**

**ATTENTION: YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED. Accordingly, you should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not wish for the court to eliminate or change your claim, you must file a written response opposing the claim objection, explaining the factual and/or legal basis for that response.**

**No hearing will be conducted on this claim objection unless a written response in opposition is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN THIRTY (30) DAYS FROM THE DATE OF SERVICE listed in the certificate of service unless the court shortens or extends the time for filing such response. If no response in opposition is timely served and filed, this claim objection shall be deemed to be unopposed, and the court may enter an order sustaining the objection to your claim. If a response in opposition is filed and served in a timely manner, the court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your response in opposition may be stricken. The court reserves the right to set a hearing on any matter.**

---

[1] The debtors in these Chapter 7 cases, converted from Chapter 11 cases, (each a "Debtor" and collectively, the "Debtors") are TX. C.C., Inc. (Case No. 17-40297), Texas Land & Cattle of Fairview, LLC (Case No. 17-40300), Lone Star Steakhouse & Saloon of Springfield, Inc. (Case No. 17-40303), Lone Star Steaks, Inc. (Case No. 17-40330), Texas Land & Cattle Steakhouse of North Carolina (Case No. 17-40332), TXLC of Arlington II, LLC (Case No. 17-40333), Lone Star Steakhouse & Saloon of Southern Missouri (Case No. 17-40334), Lone Star Steakhouse & Saloon of Florida, Inc. (Case No. 17-40335, TXLC of Missouri, Inc. (Case No. 17-40336), Lone Star Steakhouse & Saloon of Michigan, Inc. (Case No. 17-40339), Lone Star Steakhouse & Saloon of Mississippi, Inc. (Case No. 17-40340), Lone Star Steakhouse & Saloon of Oklahoma, Inc. (Case No. 17-40341), Lone Star Steakhouse & Saloon of Ohio, Inc. (Case No. 17-40342), Texas LC Liquor Company (Case No. 17-40443, and LS Management, Inc. (Case No. 17-40508). All of the above cases, with the exception of Case Nos. 17-40443 and 17-40300 which were closed as no asset cases, have been consolidated and are administered under Case No. 17-40297.

**TO THE HONORABLE BRENDA T. RHOADES, CHIEF U.S. BANKRUPTCY JUDGE:**

Christopher J. Moser, the duly appointed and acting Chapter 7 Trustee herein ("*Trustee*"), files this Omnibus Objection (the "*Objection*") to the secured claims of Intrust Bank, N.A. ("*Intrust Bank*"), and in support thereof would respectfully show the Court as follows:

## BACKGROUND

1. On February 13, 2017 (the "*Petition Date*"), TX. C.C., Inc. ("*TXCC*") filed with this Court a voluntary petition under Chapter 11 of the Bankruptcy Code. TXCC's bankruptcy case was jointly administered with affiliated debtors (collectively, the "*Debtors*").

2. The Court entered an Order providing for the Joint Administration of the Debtors' cases under Case Number 17-40297 (See Doc. No. 44). Nevertheless, the Joint Administration Order provides that proofs of claim are to be filed in the bankruptcy case associated with the Debtor against which the claim is made.

3. On September 7, 2017 (the "*Conversion Date*"), the Debtors' Chapter 11 cases were converted to cases under Chapter 7 of the Bankruptcy Code. Christopher J. Moser was thereafter appointed as, and is, the acting Chapter 7 Trustee of the Debtors' bankruptcy case.

4. On November 29, 2018, the Court approved the substantive consolidation of all of the Debtors' bankruptcy cases. (Dkt No. 750).

5. Intrust Bank filed a total of four secured proofs of claim (the "*Proofs of Claim*") in two of the Debtors' bankruptcy cases as set out below.

| Claim No. | Case No. | Amount |
| --- | --- | --- |
| 4-1 | 17-40508 | $69,000.00 |
| 5-1 | 17-40508 | $5,000.00 |
| 6-1 | 17-40508 | $5,000.00 |
| 28-1 | 17-40342 | $69,000.00 |

6.  The Proofs of Claim state they are secured against funds in deposit accounts of the Debtors (the "***Deposit Accounts***"). Attached to the Proofs of Claim are copies of three irrevocable standby letters of credit (the "***Letters of Credit***"). Each of the Letters of Credit expired by its own terms years prior to the Petition Date. Counsel for the Trustee has contacted counsel for Intrust Bank and demanded turnover of all funds in the Deposit Accounts.

7.  On or about April 1, 2019, the Trustee received $90,181.05 from Intrust Bank in response to his demand for turnover, representing the full amount held in the Deposit Accounts.

## **OBJECTION TO CLAIM**

8.  Pursuant to L.R. 3007-1(c), omnibus objections to claims are allowed in this Court in accordance with Federal Rule of Bankruptcy Procedure 3007, or otherwise by Court order. Bankruptcy Rule 3007(d) authorizes the filing of an omnibus claim objection where all the claims objected to where filed by the same entity, or for other reasons not applicable here. Fed. R. Bankr. Proc. 3007(d). This Objection is to four claims, all filed by Intrust Bank and the grounds for the objection to each claim is the same as set forth below.

9.  Section 502(b)(1) of the Bankruptcy Code provides that a claim shall be allowed unless it is unenforceable against the debtor and property of the debtor under any agreement or applicable law for a reason other than because such claim is contingent or unmatured. 11 U.S.C. § 502(b)(1). As stated previously, the Letters of Credit that were the basis for the Proofs of Claim all expired prior to the Petition Date. According to the documentation filed with the Proofs of Claim, the Letters of Credit were opened to secure against workers' compensation claims against the Debtors and the Deposit Accounts secured the Letters of Credit. No workers' compensation claims were made against the Debtors, as evidenced by the fact that funds remained in the Deposit Accounts and were released to the Trustee.

10. Because the sole basis for filing the Proofs of Claim, and filing them as secured claims, was the funds in the Deposit Accounts, which have been turned over to the Trustee, the Proofs of Claim should be disallowed.

    Respectfully submitted,

    QUILLING, SELANDER, LOWNDS,
        WINSLETT & MOSER, P.C.
    2001 Bryan Street, Suite 1800
    Dallas, Texas 75201
    (214) 871-2100 (Telephone)
    (214) 871-2111 (Facsimile)

By:    */s/ Timothy A. York*
      Christopher J. Moser
      State Bar No. 14572500
      Linda S. LaRue
      State Bar No. 24046269
      Timothy A. York
      State Bar No. 24035719

ATTORNEYS FOR TRUSTEE

## TRUSTEE'S DECLARATION UNDER LBR 3007(a)(2)

I, Christopher J. Moser, the Chapter 7 Trustee in the above-styled bankruptcy case, hereby declare under penalty of perjury that I have read the foregoing Objection and that the factual allegations made in the Objection are true and correct to the best of my knowledge, information, and belief.

DATE: June 4, 2019                                                        */s/ Christopher J. Moser*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June, 2019, a true and correct copy of the foregoing instrument was electronically served by the Court's CM/ECF system on all parties entitled to notice in this bankruptcy case and that, additionally, on the same date he caused a true and correct copy of this instrument to be served by U.S. first class mail, postage prepaid, on the following:

Timothy W. O'Neal
John M. Vardeman
Office of the U.S. Trustee
110 N. College Avenue, Suite 300
Tyler, TX  75702

TX. C.C., Inc.
5055 W. Park Blvd., Suite 500
Plano, TX  75093

Jeff Carruth
Weycer, Kaplan, Pulaski & Zuber, P.C.
3030 Matlock Road, Suite 201
Arlington, TX  76015

John P. Henry
Law Offices of John Henry, P.C.
407 W. Liberty Avenue
Round Rock, TX  78664

Intrust Bank, N.A.
PO Box 75037
Wichita, KS  67275

                                                                        */s/ Timothy A. York*
                                                                        Timothy A. York